UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EDA RAY,                          )
                                  )
        Plaintiff,                )
    vs.                           ) NO. 1:10-cv-00663-WTL-MJD
                                  )
MICHAEL J. ASTRUE,                )
                                  )
        Defendant.                )

# Entry on Judicial Review

Plaintiff Eda J. Ray requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The Court rules as follows.

## I. Procedural History

Ray initially applied for SSI in July 2004, alleging disability beginning in September 2000. The Agency denied her claim on December 20, 2004, and also upon reconsideration on May 23, 2005. On July 14, 2005, Ray requested a hearing, which was held before Administrative Law Judge ("ALJ") Peter C. Americanos. At the initial hearing, conducted on January 25, 2008, the ALJ heard testimony from Ray and a vocational expert. On July 23, 2008, the ALJ denied Ray's application for benefits. After the Appeals Counsel denied review of the ALJ's decision on March 29, 2010, Ray filed this timely appeal.

1

## II. Factual Background and Medical History

At the time of the ALJ's decision, Ray was fifty-two years old with a sixth-grade education. Ray has had a number of medical issues including alcohol abuse, borderline diabetes, hepatitis C, asthma, bronchitis, bursitis, tendinitis, chronic back pain and neck pain, hypertension, anxiety, and depression. At issue in this appeal is Ray's diagnosis of peripheral neuropathy by Dragos Sabau M.D., a treating neurophysiologist, who determined that Ray had significant and persistent disorganization of motor function in two extremities. Dr. Sabau opined that Ray could only lift five pounds occasionally and nothing frequently, sit no more than two hours total in an eight-hour work day, stand no more than one hour total in an eight-hour work day, and could never bend. Dr. Sabau is the only physician in the record that gives an opinion regarding Ray's physical residual functional capacity.

## III. Applicable Standard

Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits

her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

## IV. The ALJ's Decision

Applying the five-step analysis, the ALJ found at step one that Ray had not engaged in substantial gainful employment activity since June 10, 2004. At step two, the ALJ found that Ray's severe impairments included neuropathy and chronic obstructive pulmonary disease. At

step three, the ALJ determined that Ray did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Ray had the residual functional capacity ("RFC") to perform light work. At step four, the ALJ determined, given her RFC, that Ray was capable of performing her past relevant work as a receptionist.

## V. Discussion

Ray argues that the ALJ's decision is not supported by substantial evidence. Specifically, Ray argues that the ALJ should have given treating physician Dr. Sabau's opinion controlling weight. According to Ray, the ALJ improperly substituted his own medical opinion in place of Dr. Sabau's opinion.

An ALJ is required to give controlling weight to a treating source's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 20 C.F.R. § 416.927(d)(2); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). If an ALJ rejects a treating source's opinion, the ALJ must provide a sound explanation for that decision. *Punzio*, 630 F.3d at 710. An ALJ may properly reject a treating source's opinion if it is inconsistent with a consulting physician's opinion, internally inconsistent or based solely on the patient's subjective complaints. *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008).

The ALJ gave little weight to Dr. Sabau's opinion regarding Ray's functional limitations because the ALJ determined the opinion was not reasonably well-supported by appropriate medical findings, including his own records, and because it was not consistent with other substantial evidence in the file. The ALJ found it significant that Dr. Sabau acknowledged that his opinion was based on estimations of Ray's pain and that pain was one of the most limiting

4

factors in Ray's case. In Dr. Sabau's follow-up response to the ALJ's questions, however, Dr. Sabau stated that the limitations were based on both neurological findings and on estimations of pain levels. Dr. Sabau went on to state that in cases of painful neuropathy the patient might experience severe and disabling pain with minimal neurological objective findings. The ALJ failed to cite other medical evidence in the record that contradicts Dr. Sabau in this regard, and the ALJ may not substitute his own medical opinion for that of Dr. Sabau's opinion. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("an ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record").

The ALJ also found that Dr. Sabau's estimations of Ray's limitations were disputed by Dr. Sabau's own reports. The ALJ pointed to Dr. Sabau's report that Ray had an immediate and significant response to Neurontin. An immediate and significant response to medication is not necessarily inconsistent with Dr. Sabau's opinion of Ray's limitations, especially given that the effectiveness of the Neurontin began to wane over time. The ALJ also found it inconsistent that Dr. Sabau estimated Ray's pain to range between moderate and severe, while giving an opinion that Ray had severe limitations. According to the ALJ, moderate to severe pain is far less than the severe to extreme pain that would presumably cause such severe limitations. Both ranges of pain, however, overlap at severe pain and are not as far apart as the ALJ suggests.

Lastly, the ALJ found Dr. Sabau's opinion inconsistent with Dr. Sabau's finding that Ray only had somewhat of an antalgic gait. As Dr. Sabau explained, however, a patient may experience severe pain with only minimal neurological objective findings. When considering Dr. Sabau's reports in their entirety, his reports do not conflict with his opinion as to Ray's functional limitations given the nature of neuropathy. While the ALJ claimed Dr. Sabau's opinion was not consistent with other substantial evidence in the file, the ALJ failed to cite any

such evidence. As the ALJ does not support his decision with other medical opinions that are inconsistent with Dr. Sabau's opinion, the ALJ's decision was not supported by substantial evidence on the record.

Moreover, in determining what weight to give Dr. Sabau's opinion, the ALJ was required to consider the length, nature, and extent of the treatment relationship, the frequency of examination, supportability and consistency of the opinion, and whether Dr. Sabau was a specialist. 20 C.F.R. § 416.927(d)(2); *see also Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010). Other than mentioning, in passing, that Dr. Sabau is a neurophysiologist, the ALJ does not address these considerations before he gave little weight to Dr. Sabau's opinion.

In conclusion, the ALJ has not provided a sound explanation for rejecting Dr. Sabau's opinion and the ALJ's decision is not supported by substantial evidence. Upon remand, the ALJ should either give Dr. Sabau's opinion controlling weight or provide a sound explanation for rejecting his opinion, which includes a discussion of the required considerations.

## VI. Conclusion

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.


Dated: 08/24/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana